IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Glenn Michael Moccia, Jr., <br><br>    Plaintiff, <br><br>v. <br><br>Laurens County Detention Center, Solicitor Jim Todd, and Judge Frank Addy, Jr. <br><br>    Defendants. | Civil Action No. 6:18-cv-2718-BHH <br><br>**<u>ORDER</u>** |

  This matter is before the Court upon Plaintiff's pro se complaint filed pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary determinations. On October 16, 2018, Magistrate Judge Jacquelyn D. Austin issued a report and recommendation ("Report") outlining the issues and recommending that the Court dismiss this action without prejudice and without issuance and service of process. In her Report, the Magistrate Judge found that Defendant Laurens County Detention Center is not a "person" amenable to suit pursuant to § 1983; that Laurens County Detention Center is also entitled to Eleventh Amendment immunity; that Solicitor Jim Todd is entitled to prosecutorial immunity; that Judge Frank Addy, Jr. is entitled to absolute judicial immunity; and that the *Younger* abstention doctrine applies to this case due to a pending state court criminal prosecution against Plaintiff. Attached to the Magistrate Judge's Report was a notice advising Plaintiff of his right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge that Plaintiff has failed to allege a plausible § 1983 claim.

Accordingly, the Court adopts the Magistrate Judge's Report (ECF No. 9) and incorporates it herein, and the Court dismisses this action without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce Howe Hendricks
United States District Judge

November 5, 2018
Charleston, South Carolina

2